BYRNES, Judge.
Arthur C. Dale, Jr., (Dale) doing business as Broadmoor Realty Company, appeals a decision of the trial court dismissing his suit on a motion for summary judgment. Appellees are the French Market Corporation (F.M.C.) and its President and Director.
The record shows that Dale has been employed since January 22, 1979 as the “Ground Patrol Supervisor” for F.M.C. In addition to this employment, Dale is a licensed real estate broker who owns and operates a real estate business known as Broadmoor Realty Company — an enterprise which he founded prior to seeking employment with F.M.C.
F.M.C. is a corporation wholly owned by the City of New Orleans whose purpose is to operate properties owned by the City and commonly known as the French Market. As part of its duties, F.M.C. leases the retail space which comprises the French Market complex. With the exception of the director and assistant director, all of F.M.C.’s employees are classified civil servants. The events leading to the present appeal began in early 1980 when Dale attempted to represent prospective French Market tenants before the board of directors of F.M.C. Suspecting that Dale’s efforts might constitute a conflict of interest, the board sought an opinion from the New Orleans City Attorney. That opinion stated that the New Orleans Code of Ethics would be violated if Dale were to transact real estate business before F.M.C. while employed by that body. Dale was subsequently informed that neither he nor his sole proprietorship, Broadmoor Realty, could transact business before F.M.C., as long as Dale remained an employee of F.M.C.
As a result of this prohibition, Dale claimed that he was denied commissions totalling $5,700.00 on real estate transactions with F.M.C. which he would have consummated had he not been prevented from doing so. Additionally, Dale sought $842,000.00 in damages for harm to past, present and future business and $650,-800.00 in damages for combined mental anguish and medical expenses allegedly precipitated by this legal conflict. Dale also asked for attorney’s fees amounting to 33⅛ of the amount demanded. The F.M.C. moved for summary judgment which was granted by the trial court.
A motion for summary judgment is properly granted when, on the basis of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a *417 matter of law. C.C.P. Art. 966B. In the instant case although there are minor factual discrepancies in the pleadings and affidavits, there are no genuine issues of material fact. Our review will therefore focus on the question of whether the F.M.C. was entitled to judgment as matter of law.
This determination requires an examination of The Code of Ethics for Governmental Employees, R.S. 42:1101 et seq. There is no question that Dale’s conduct as an employee of F.M.C. is governed by this Code. R.S. 42:1102(2)(f) states in part that “[pjublic servants of political subdivisions shall include, but shall not be limited to, elected officials and public employees of municipalities, parishes and other political subdivisions ...” (emphasis added)
By representing prospective tenants before F.M.C., Dale would have breached several provisions of the Code of Ethics for Governmental Employees.
Under R.S. 42:1111(E)(1).
No public servant, and no legal entity of which such public servant is an officer, director, trustee, partner or employee, or in which such public servant has a substantial economic interest, shall receive or agree to receive any thing of economic value for assisting a person in a transaction, or in an appearance in connection with a transaction, with the agency of such public servant.
R.S. 42:1112 provides in part that:
A. No public servant ... shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.
Finally, R.S. 42:1113(A) states that:
No public servant, excluding any legislator and any appointed member of any board or commission and any member of a governing authority of a parish with a population of ten thousand or less, or member of such a public servant’s immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant.
Essentially, each of the above statutory provisions forbids the public employee from receiving anything of value for or in consideration of service rendered to a person who transacts business with the government agency which employs him. The primary objection of this prescription is “... to prevent public officers from becoming involved in conflict of interest. A conflict of interest is a situation which would require an official to serve two masters, presenting a potential, rather than an actuallity of wrongdoing.” Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752 (La.1983).
Although the record in this case does not indicate any wrongdoing on the part of Dale, he is nonetheless prohibited from representing his real estate clients before the board of directors of F.M.C. since such conduct would necessarily present a conflict of interest. In light of the above, it is unquestionable that, as a matter of law, Dale’s suit for damages was properly dismissed.
Accordingly, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.